The State *v.* The Kentucky and Indiana Bridge Company.

◆

No. 17,073.

THE STATE *v.* THE KENTUCKY AND INDIANA BRIDGE COMPANY.

RAILROAD.—*Notice of Arrival of Trains:—When Notice is Not Required. —Statute Construed.*—Sections 1088 and 1089 of Elliott's Supp., requiring notice of arrival of trains, have no application to trains of companies, which cover their entire route in less time than twenty minutes, the practical operation of the statute not being applicable to such trains.

From the Floyd Circuit Court.

*A. G. Smith*, Attorney-General, and *W. C. Utz*, Prosecuting Attorney, for State.

*A. Dowling*, for appellee.

HACKNEY, J.—The appellant sued, in the circuit court, for the recovery of penalties under what is known as the black-board statute. Elliott's Supp., sections 1088 and 1089.

The lower court overruled appellant's demurrer to the appellee's fourth paragraph of answer, and that ruling is the only question presented by the record.

That paragraph of answer alleged, that at the time of the happening of the supposed grievances the appellee was the owner of, and operating, a line of steam railroad, extending from a point on Upper Vincennes street, in the city of New Albany, a distance of one thousand feet to a bridge, extending over and across the Ohio river to a point in the city of Louisville, in the State of Kentucky; that the appellee was engaged in the business of transporting passengers upon its trains of cars, over its said railroad and bridge, from its depot on said Upper Vincennes street, to its depots and stations in said city of Louisville, and in no other business whatever, and ran no other trains, nor did it run its trains between other points; that the whole length of said line in the State of Indiana was one thousand feet; that it caused to be run, from said depot in New Albany, only one train of cars which departed each forty minutes between the hours of 5 o'clock A. M. and 12 o'clock P. M., both inclusive; that said train occupied but twelve minutes in making its trips from said depot in New Albany to the First street station in Louisville, the terminal point of said railroad in said city of Louisville and occupied but twelve minutes in making the run from said Louisville station to said New Albany station; that the distance from the last station on the route of said railway in Louisville to said depot in New Albany is only two and one-half miles and the time occupied by said train in running said distance was but six minutes; that the length of time from each departure from Thirty-ninth street station, in Louisville, until the arrival of said train at the New Albany depot was only six minutes; that, owing to the shortness of the distance between said stations and the brevity of the time occupied in making the run between them, it was impossible to cause to be written upon a black-board, twenty minutes before the arrival of such train at such

New Albany depot, the fact whether such train was on schedule time or not, and if late, how much.

It is further alleged that said train, during all of its trips, was run over said railroad, between said two terminal stations, according to an established schedule fixing the time for the departure thereof from each and every station, but the time for the arrival of such train at any station was not established, and such time was allowed as might be necessary to make the run from the last station in Louisville to said New Albany station; that such schedule was printed in large type and conspicuously posted in all of the depots on said line during the times complained of; that said train was run as a mere suburban train, and not in the transportation of passengers between remote points.

Under the facts alleged, the practical application of the statute to the appellee is impossible, and the Legislature could not have intended to apply its provisions to lines of railway so operating.

As well said by appellee's counsel: "The evident intent of the act was to relieve the suspense of travelers upon railroads, who are compelled to wait for trains at stations intermediate between terminal points of such railroads; and to enable other persons having an interest in the arrival of trains to ascertain at what time such trains are to be expected at given points."

It was not intended to require companies operating upon such time that between the *termini* of their lines their trains passed in a shorter period than that during which such notice was required to be posted.

Ordinarily, the time tables and schedules of companies state the time for the arrival of trains, but this statute was enacted for the purpose of advising those interested if trains are delayed and not expected upon schedule time, and if so delayed, how much.

The time of giving such notice is at least twenty minutes before the schedule time for the arrival of such trains. If any such train covers its entire route in less time than twenty minutes, the practical operation of the statute can not be applied to such train or the company operating it. If there are companies to which it can not apply, it will be implied that the Legislature did not intend to include such companies. This was, in effect, held in the case of *State* v. *Indiana and Illinois R. R. Co.*, 133 Ind. 69, where it was said that this statute, by its application to stations where there were telegraph offices, excluded from its operation those stations where there were no telegraph offices.

In our opinion, the circuit court committed no error in overruling appellant's demurrer to said paragraph of answer.

The judgment of the lower court is affirmed.

