No. 1,922.

TERRE HAUTE & INDIANAPOLIS R. R. CO. v. THE STATE.

RAILROAD.—*Failure to Note on Blackboard Time of Arrival of Night Train.—No Night Operator.—Telegraph.—No Liability.*—The penalty prescribed by R. S. 1894, section 5186, for the failure of a railroad company to note upon a blackboard in the depot at a station where there is a telegraph office the time at which a schedule train will arrive, is not recoverable for failure of a company to note the facts in that respect as to a train scheduled to arrive at such a station during the night, when the company does not keep its telegraph office open.

From the Marshall Circuit Court.

*W. H. H. Miller, F. Winter, J. B. Elam* and *R. B. Oglesbee,* for appellant.

*W. A. Ketcham*, Attorney-General, *S. N. Stevens*, Prosecuting Attorney, *J. D. McClaren* and *F. E. Matson*, for State.

REINHARD, C. J.—This action was brought by the State against the appellant company to recover a penalty for an alleged violation of what is known as the "blackboard law." In the court below the appellee recovered the sum of $25.00 and costs. Several errors are assigned, but the question presented may be determined by considering the alleged error of the court in its conclusion of law upon the special finding of facts. The special finding shows that the appellant company did not maintain a telegraph office at its station as a night office; that the train which the appellant failed to bulletin was a train which was scheduled to arrive at said station at 10:8 o'clock P. M., at which time there was no telegraph operator in said office to receive any message concerning the movement and operation of said train; that, as a matter of fact, said train was thirty minutes late, but that the appellant made no announcement whatever on its blackboard concerning the arrival of said train, nor did it post any other information regarding the same.

It is earnestly insisted by appellant's counsel that upon this finding the judgment of the court should have been in favor of the appellant, and that the court's conclusion that appellant was liable was erroneous.

The statute upon which the present action is based reads as follows:

"SECTION 1. That every corporation, company or person operating a railroad within this State shall, immediately after the taking effect of this act, cause to be placed in a conspicuous place in each passenger depot of such company, located at any station in this State, at

which there is a telegraph office, a blackboard at least three feet long and two feet wide, upon which such company or person shall cause to be written, at least twenty minutes before the scheduled time for the arrival of each passenger train stopping upon such route at such station, the fact whether such train is on schedule time or not, and, if late, how much." R. S. 1894, section 5186. The second section prescribes the penalty, and confers power upon the prosecuting attorney to prosecute any action under the law.

It is a familiar rule that penal statutes are to be given a strict construction in favor of the persons against whom they operate. But, while this is true, they should never be interpreted so as to make them entirely inoperative or to place it within the power of those affected by any such statute to circumvent or thwart its purpose at pleasure, if by a rational interpretation of all its parts together, the purposes of the law-makers may be ascertained and given effect. The rule of strict construction is not violated by adopting that sense which best harmonizes with the object and intent of the Legislature when the entire text is considered as a whole. *State* v. *Indiana, etc., R. R. Co.*, 133 Ind. 69 (18 L. R. A. 502).

The statute was designed to give information to those interested in the arrival of trains so as to relieve the suspense so frequently occasioned to travelers and others thus interested by unexplained delays. *State* v. *Kentucky & Indiana Bridge Co.*, 136 Ind. 195.

This being the purpose of the law, it would seem that the solution of the question before us ought not to be a very difficult task. It is obvious that it was not the intention of the law-makers to entail upon railroad companies any additional burdens with regard to the establishment and maintenance of telegraph offices. Such companies are not required by the statute under con-

struction to establish any telegraph office at a station where there was none prior to the enactment of the law, nor to maintain one already established if unnecessary to the transaction of their business. The object of maintaining a telegraph office by a railroad company at any station on its road is to enable the employes of the company to receive and transmit information concerning the movements and operations of trains. Telegraph offices are also maintained for the accommodation of the general public, but these are generally owned and operated by telegraph companies, and not by railroad corporations. We take it that if a railroad company chooses not to maintain a telegraph office at any of its stations where one is now carried on it may doubtless dispense with the same altogether, and that there is nothing in the statute to keep it from doing so. In that event we think such company would not be required to bulletin any trains at such station, notwithstanding trains may stop there regularly. But if the railroad company does maintain an office at such station, or even if a telegraph company operate such office there, we are of opinion that the railroad company is required to give information on its blackboard of the arrival of trains scheduled to stop at the station such as the company may have or be in position to obtain.

If it is within the power of the company to dispense entirely with the telegraph office at any station, as we think it is, does it not follow that the company may dispense with the maintenance or operation of such telegraph office at regular periods during any portion of a day of twenty-four hours when it deems it proper to do so? In other words, if a railroad company should regard it necessary and consistent with its business interests to maintain only a day office, but not a night office, thus not being in a position to obtain any information

concerning the movements of its night trains, will it be violating the provisions of this statute by failing to make the announcement therein provided concerning such night trains? We do not think so. Of course, if the railroad company is maintaining a telegraph office during the entire day it may not refuse to receive and transmit to the public the information required by sending away its operator or dispensing with his presence at irregular periods to suit its own fancy, as this would be placing it within the power of such company to determine at its own will and pleasure which particular train or trains it would and which it would not announce on its blackboard. While the enactment does not impose on the company the duty of maintaining a telegraph office at any station, it does make it incumbent upon such company, while maintaining such telegraph office, to note on its blackboard all trains that stop at such station, and this carries with it the further duty of obtaining such information as may be reasonably at the company's command by means of such telegraph service as it deems necessary to the transaction of its business.

We think as long as the company in good faith publishes all the information received by it, or that is reasonably at its command, the requirements of the statute are fulfilled. The company cannot evade the statute by pretending that when a particular train was due it had for a brief and indefinite period dispensed with its operator, and hence had not in its possession the necessary information to place on the blackboard. In the present case, as we have seen, it was found that the appellant was not maintaining a night office. This being true, we do not think the appellant was required to make an announcement of the train in question.

We think the appellant was entitled to a judgment upon the finding.

Judgment reversed, with instructions to the court below to restate its conclusions of law.
Filed November 7, 1895.